USDC SCAN INDEX SHEET



ROLEX WATCH USA INC

MICHEL CO

JRL   5/9/97   14:57
3:96-CV-00805
*119*
*O.*



FILED

MAY -8 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLEX WATCH, U.S.A., INC., a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICHEL CO., a business, and MICHA MOTTALE, an individual,<br><br>Defendant. | CASE NO. 96-CV-805 H (POR)<br><br>ORDER GRANTING PERMANENT INJUNCTION; DIRECTING ENTRY OF JUDGMENT |

**I.      Entry of Judgment.**

The Clerk of the Court is directed to enter judgment for Plaintiff against Defendants in the following form:

1.     Permanent injunctive relief as described in this order;

2.     Damages in the total amount of $17,775.00;

3.     Attorneys' fees for the portion of the case and request for preliminary injunctive relief relating to the sale of the three completely counterfeit items, to be determined in further proceedings; and

4.     Costs of suit.

**II.     Permanent Injunctive Relief.**

Plaintiff Rolex Watch, U.S.A., Inc. filed suit against Defendants Micha Mottale and Michel Co. for trademark counterfeiting and infringement in violation of 15 U.S.C. § 1114, for false designation of

origin and false description in violation of 15 U.S.C. § 1125, for federal trademark dilution in violation of 15 U.S.C. § 1125(c), for unfair competition in violation of California Business and Professions Code § 17203, and for state trademark dilution in violation of California Business and Professions Code § 14330. The case proceeded to a bench trial on December 10, 1996, and in a separate memorandum decision, the court has found for Plaintiff on its trademark counterfeiting and infringement claim.

For the reasons set forth in the memorandum decision, the court finds that Defendants have sold at least two completely counterfeit Rolex Daytona watches bearing Rolex trademarks and at least one completely counterfeit lady's gold Rolex bracelet bearing Rolex trademarks. Defendants' sale of these completely counterfeit items for a total of $5,925 were in violation of 15 U.S.C. § 1114. Furthermore, the court finds that Defendants' sale of altered, converted, or customized Rolex watches that contain replacement bezels, dials, and/or bands which do not have a separate identifying mark as to their source are in violation of 15 U.S.C. § 1114. Defendants' sale of individual refinished and customized diamond dials which bear the Rolex trademarks also violated 15 U.S.C. § 1114. These violations of the Lanham Act are also violations of the California unfair competition statute.

The court also finds, however, that Defendants' separate sale of non-Rolex replacement parts which do not bear Rolex trademarks is permissible. The court finds that Plaintiff has failed to sufficiently prove its claims of contributory infringement, federal and state trademark dilution, and false designation and description.

The court finds that injunctive relief is warranted based on the findings and conclusions in its Memorandum Decision for the demonstrated violations of the Lanham Act and issues the following permanent injunctive relief:

1. Defendants may not use the marks Rolex, President, Crown Device, Datejust, GMT-Master, Daydate Oyster, Oyster Perpetual, Cosmograph, Explorer, Explorer II and/or Submariner or any reproduction, counterfeit, copy or colorable imitation of the marks in connection with the advertising, offering for sale, or sale of non-genuine Rolex watches;

2. Defendants may not offer for sale or sell altered Rolex watches which contain non-Rolex bezels, dials, or bracelets that do not have an independent, permanent mark on the replacement part which identifies the source of the non-Rolex part as non-Rolex;

3. If Defendants offer for sale or sell altered Rolex watches in compliance with paragraph 2 of this permanent injunctive relief, Defendants must use the following disclosure on tags, invoices, promotions, and advertising:

> This watch contains non-Rolex parts which are not supplied by an official Rolex jeweler. The addition of non-Rolex parts voids the Rolex warranty. Rolex Watch, U.S.A., Inc. may no longer service a watch containing non-Rolex parts.

4. Defendants must affix stickers to any used Rolex watches stating in visible and legible print that the watch is pre-owned and not reconditioned by an official Rolex jeweler;

5. Defendants may not sell genuine Rolex clasps bearing any Rolex trademark with non-Rolex replacement bracelets or bands;

6. Defendants may not use a trapezoidal clasp on any non-Rolex watch band;

7. Defendants may not offer for sale or sell any replacement watch band or bezel without a disclaimer by a hang tag or sticker that identifies the part as a non-Rolex part; however, any replacement band or bezel sold attached to a watch must have an independent, permanent mark on the part identifying the part as non-Rolex;

8. Defendants must use the following disclosures as to non-Rolex replacement parts in visible and legible print:

a. On tags:

> This is not an original Rolex part. It is not supplied by an official Rolex jeweler. The addition of non-Rolex parts voids the Rolex warranty. Rolex Watch U.S.A., Inc. may no longer service a watch containing non-Rolex parts. Do Not Remove this Tag Prior to Sale to Consumer.

b. On invoices:

> This is not an original Rolex part. It is not supplied by an official Rolex jeweler. The addition of non-Rolex parts voids the Rolex warranty. Rolex Watch U.S.A., Inc. may no longer service a watch containing non-Rolex parts.

////
////

c. On promotions and advertising:

This is not an original Rolex part. It is not supplied by an official Rolex jeweler. The addition of non-Rolex parts voids the Rolex warranty. Rolex Watch U.S.A., Inc. may no longer service a watch containing non-Rolex parts.

IT IS SO ORDERED.

DATED: 5/8/97

MARILYN L. HUFF, JUDGE
UNITED STATES DISTRICT COURT

COPIES TO:

JOHN P SUMNER
11440 WEST BERNARDO COURT SUITE 300
SAN DIEGO CA 92127

BRIAN BROKATE
BETH M FRENCHMAN
GIBNEY ANTHONY & FLAHERTY
665 FIFTH AVENUE
NEW YORK NY 10022

DAVID H T KANE
SIEGRUN KANE
KANE DALSIMER SULLIVAN KURUCZ
　　LEVY EISELE & RICHARD
711 THIRD AVENUE
NEW YORK NY 10017

CHARLES GOLDBERG
JANICE BROWN
SELTZER CAPLAN WILKINS & MCMAHON
750 B STREET SUITE 2100
SAN DIEGO CA 92101

BRIAN BROKATE
BETH M FRENCHMAN
GIBNEY ANTHONY AND FLAHERTY
665 FIFTH AVENUE
NEW YORK, NY 10022

AO 120 (3/85)

| TO: Commissioner of Patents and Trademarks Washington, D.C. 20231 | REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO. 1 | DATE FILED 5/3/96 | U.S. DISTRICT COURT United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF ROLEX WATCH U.S.A., INC | | DEFENDANT MICHEL CO. |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 520,309 | 2/9/61 | ROLEX |
| 2 101,819 | 1/12/15 | ROLEX |
| 3 657,756 | 1/28/58 | ROLEX |
| 4 674,177 | 2/17/59 | ROLEX |
| 5 683,249 | 8/11/59 | ROLEX |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading |
|---|---|

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

DECISION/JUDGMENT

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

AO 120 (3/85)

| TO:<br>Commissioner of Patents and Trademarks<br>Washington, D.C. 20231 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>1 | DATE FILED<br>5/3/96 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br>ROLEX WATCH U.S.A., INC | | DEFENDANT<br>MICHEL CO. |
| PATENT NO. | DATE OF PATENT | PATENTEE |
| 6 831,652 | 7/4/67 | ROLEX |
| 7 239,383 | 3/6/28 | ROLEX |
| 8 1,105,602 | 11/7/78 | ROLEX |
| 9 733,081 | 6/19/62 | ROLEX |
| 10 1,782,604 | 7/20/93 | ROLEX |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | |
|---|---|---|
| PATENT NO. | DATE OF PATENT | PATENTEE |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

DECISION/JUDGMENT

IT IS ORDERED AND ADJUDGED that judgment is entered for plaintiff against defendants in the following form: Permanent and injunctive relief as described in order of 5/8/97; damages in the total amount of $17,775.00; attorneys' fees for the portion of the case and request for preliminary injunctive relief relating to the sale of the three completely counterfeit items, to be determined in further proceedings; and costs of suit.

| CLERK<br>ROBERTA WESTDAL | (BY) DEPUTY CLERK | DATE<br>5-9-97 |
|---|---|---|

Copy 1 - Upon initiation of action, mail this copy to Commissioner  Copy 3 - Upon termination of action, mail this copy to Commissioner